Dear Mr. Ponder:
You noted that, according to our opinions, juvenile probation officers were generally not entitled to supplemental pay from the state under R.S. 33:2218.1 et seq., because in the normal case they are employees of the juvenile court and not a municipality. However, you ask whether the juvenile probation officers of Baton Rouge are entitled to supplemental pay because they are employed by the City of Baton Rouge-Parish of East Baton Rouge consolidated government pursuant to an intergovernmental agreement between the city-parish and the Nineteenth Judicial District Juvenile Court. Generally, employees of the city-parish consolidated government are considered employees of a municipality for purposes of R.S. 33:2218.1 et seq. See R.S. 33:2218.2 (G).
In response to your request, we asked for a further memorandum from you on the question whether the Nineteenth Judicial District Juvenile Court judge had the power, without legislative authorization, to sign an agreement saying that she would not appoint or commission any juvenile probation officers but rather place that function by agreement into the city-parish. The idea here is that the appointment and commission of probation officers is not a personal right vested in the person of the judge who presides over juvenile court and who, therefore, can personally relinquish such right but rather is a governmental function vested in the court itself by the explicit terms of a statute. It comes about from the Legislature itself providing for the structure of state government. We also requested a further memorandum from you on the question whether the city-parish charter has vested in the metropolitan council the power to grant peace officer power to any city-parish employees of its choosing, since the city-parish charter itself creates the Baton Rouge Police Department, vests the granting of peace officer power only in the chief of police, and does not explicitly or otherwise appear to vest it in the metropolitan council, which does not have the power to create an alternative police department to the one created by the charter itself.
[This latter issue appears to be unlike peace officer power for alcohol beverage control agents. The state Legislature has specifically given the power to all local governments to regulate alcoholic beverages in a similar manner as the state does. See, for example, R.S. 26:274 and 493. And in the manner of the state regulation, the alcohol beverage control agents are peace officers. R.S. 26:457. "If its charter permits, each of them [local Home Rule Charter governments pre-existing the 1974 Constitution] also shall have the right to powers and functions granted to other local governmental subdivisions," La. Const. (1974) art. 6, § 4.]
In an oral conversation, Mr. Paul Thompson, Chief Administrative Officer of the city-parish, answered our request for further authorities on these subjects. He pointed out the case of Konrad v. The JeffersonParish Council, 520 So.2d 393 (La. 1988) as having some bearing on the questions we raised. In Konrad, the Supreme Court of Louisiana held that Jefferson Parish had the power to create what is, in effect, its own juvenile probation office, hire what are, in effect, its own juvenile probation employees, establish and run its own juvenile detention center, etc., since the power to appoint and commission such juvenile probation personnel was not an inherent part of the judicial power. However, the court also declined on rehearing to say that the juvenile court did not retain the statutory power vested in it to commission its own probation officers.
Thus, we doubt the validity of the intergovernmental agreement, and we have doubts about the validity of the metropolitan council's vesting of peace-officer-granting power in the director of its juvenile probation office. Nevertheless, in light of the Konrad case, supra, we must recognize that the city-parish has the power to create its own juvenile probation office and hire juvenile probation employees, although such city-parish juvenile probation employees may or may not also be commissioned by the juvenile court, as provided in R.S. 13:1629 and Ch. C. art. 421, and may or may not possess peace officer powers.
If the juvenile court were to also commission these same city-parish probation employees as juvenile probation officers pursuant to the court's authority in R.S. 13:1629 and Ch. C. art. 421, there would be no doubt that these juvenile probation officers would indeed be peace officers.See Ch. C. art. 421 (B) and Attorney General's Opinion No. 01-344 [copy enclosed], which was issued to you on October 17, 2001. In that event, they would be city-parish employees paid in full by the city-parish consolidated government and yet be peace officers, and in our opinion, they would then be eligible to receive the supplemental pay provided in R.S. 33:2218.1 et seq.
Such is our opinion of the law. However, the final arbiter is the board of review established in R.S. 33:2218.7 (A) [composed of three members, one of whom shall be the commissioner of administration or a representative of the division of administration selected by him, one of whom shall be a member of the Louisiana Association of Chiefs of Police selected by the president of said association, and one of whom shall be the director of the state department of public safety or a representative from said department selected by the director].
 "B. Whenever any question arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Sub-part, the question thereof, together with all of the facts relating thereto, shall be submitted to the board of review herein created for determination, and the decision of the board with regard to eligibility shall be final."
R.S. 33:2218.7 (B).
We trust that this opinion has adequately answered your request. With warmest regards, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ THOMAS S. HALLIGAN Assistant Attorney General
Encl. cc: Mr. Paul Thompson
Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works
La.Atty Gen. Op. No. La.Atty Gen. Op. No. 01-344 (Cite as: 2001 WL 1398753 (La.A.G.))
 Office of the Attorney General State of Louisiana
*1 OPINION NUMBER 01-0344
October 17, 2001
56 JUDGES 108-B STATE POLICE DEPARTMENT
It is the opinion of this office that juvenile probation officers must receive a commission in order to perform the duties of law enforcement officers. The judge of the district court, as well as the superintendent of the state police may issue these commissions. However, the latter commission is not a commission specific to juvenile probation officers, as is the former.
Mr. Michael E. Ponder Parish Attorney Parish of East Baton Rouge 222 St. Louis Street Post Office Box 1471 Baton Rouge, LA 70821
Dear Mr. Ponder:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the following questions:
(1) Must juvenile probation officers receive a commission before they may perform the duties of law enforcement officers?
(2) Is there presently a City-Parish agency or official that has the authority to commission juvenile probation officers? If so, which agency or official has this authority?
(3) Can they be commissioned by the Director of Juvenile Services absent an ordinance or statute giving the Director the power to commission? If not, can the governing authority authorize the Director to commission them simply by the passage of an ordinance giving him this power? If so, must the Director possess certain qualifications before the City-Parish may authorize him to issue a law enforcement commission?
(4) Does La.R.S. 40:1379.1 prohibit or fail to authorize the State Police (Department of Public Safety and Corrections) from issuing commissions to our officers?
In response to your first inquiry, in order for juvenile probation officers to perform the duties of law enforcement officers, they must receive a commission from the appropriate authority. Under Louisiana Children's Code Article 421, the authority to commission probation officers is expressly and unambiguously given to the judge of the as defined by La. Ch. C. Article 116. Article 421 states, "The judge of the court shall have the authority to commission probation officers" Under this scheme of commissions, the juvenile probation officers' police powers arise from the juvenile court.
In further responding to your request, La.R.S. 40:1379.1 allows for the superintendent of state police to issue "special officers" commissions. These commissions are granted at the discretion of the Superintendent of the Louisiana State Police and are given independent of the recipient's position. Under this scheme of commissions, it is irrelevant that the individuals in question are juvenile probation officers. However, the statutory scheme is clear that applicants for such special officer commissions must demonstrate a need for statewide police power. There is no statutory authority that would prohibit juvenile probation officers from applying for such special officer commissions. The power of arrest and other police powers under this type of commission would arise from the Louisiana State Police, not the juvenile court.
*2 In response to your third question, because the Director of Juvenile Services is not given the authority to commission through any statute, they cannot do so. In order to possess this authority, the legislature would have to pass a statute expressly conferring this power to a person of that title.
Therefore, it is the opinion of this office that juvenile probation officers must receive a commission in order to perform the duties of law enforcement officers. The judge of the court has been empowered by the legislature to commission persons as juvenile probation officers. La. Ch. C. Art. 421. Additionally, the superintendent of the state police may issue a special officer commission to any individual he deems to have met the requirements for such a commission. La.R.S. 40:1379.1. However, this latter commission is not a commission specific to juvenile probation officers, as is the former.
I hope this opinion has been helpful. If I may be of further assistance, please do not hesitate to contact my office. With warmest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ JAMES L. PIKER Assistant Attorney General
JLP/vc/j
La.Atty. Gen. Op. No. 01-344, 2001 WL 1398753 (La.A.G.) END OF DOCUMENT